IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NATHAN DEVERON BRENNAN,**
              **Plaintiff,**

     v.                                     CASE NO.  14-3133-RDR

**UNITED STATES OF AMERICA,**
              **Defendant.**

<u>**MEMORANDUM AND ORDER**</u>

This pro se pleading was filed by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL) on forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with a ten-page "Complaint" attached.  In 2007, Mr. Brennan pled guilty to and was convicted of conspiracy to defraud and bank fraud in the United States District Court for the Northern District of Georgia. He directly appealed, and his convictions and sentence were affirmed. See *U.S. v. Brennan*, 290 Fed.Appx. 286 (11th Cir. 2008).

In this action, plaintiff asserts that "the United States Government has employed technology to capture, review and distribute human thought."  He claims that through use of this technology during his confinement, he has been forcibly subjected to illegal searches and seizures of his "private thoughts" and violations of his right to privacy.  He further alleges that his "profoundly personal information" has been distributed to others including inmates.

Allegedly, this "program" was employed against him during his prior confinement in Florida and Oklahoma and continues at the USPL.

Having examined the materials filed, the court finds that the initial pleading amounts to a civil rights complaint against the United States rather than a habeas corpus petition, and that this pleading is deficient in several ways.[1]  However, the court further finds that plaintiff is a three-strikes litigant and may not proceed in this action without paying the full filing fee up front.

The court takes judicial notice of *Brennan v. Department of Justice*, Case 1:14-mc-00954 filed by plaintiff in the United States District Court for the District of Columbia, and in particular the Memorandum Opinion and Order entered therein on August 26, 2014 (Doc. 1).  In this Order, the judge found that Mr. Brennan had:

> accumulated at least three strikes.  *See Brennan v. Dep't of Justice*, No. 1:13-cv-23114 (S.D.Fla. Oct. 31, 2013)(dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)), *appeal dismissed*, No. 13-15821-A

---

[1] For example, plaintiff's allegations that prison officials are forcibly using technology to seize his private thoughts and distributing his personal information to others are claims challenging the conditions of his confinement that may only be raised in a civil rights complaint.  Plaintiff has not used court-approved forms for filing this §1331 complaint as required by local court rule.  He admits that he has not exhausted administrative remedies within the Bureau of Prisons, and his bald assertion that they are unavailable is inadequate to excuse this legal prerequisite.  His bizarre allegations are vague and conclusory and certainly do not present a plausible claim.  Mr. Brennan has repeatedly been informed that challenges to the legality of his imprisonment may only be raised by §2255 motion in the sentencing court.  Neither seeking an injunction against government officials in a civil complaint nor inappropriate relief under § 2241 is a viable method for testing the legality of a federal conviction or sentence.  Finally, the claim that plaintiff now attempts to raise in this court has already been and still is barred by principles of res judicata and issue preclusion because it was previously rejected.  Should plaintiff pay the filing fee in full, he must simultaneously submit an Amended Complaint on court-approved § 1331 forms that cures all deficiencies.

>   (11th Cir. Apr. 21, 2014); *Brennan v. Warden of FCI Miami*, No. 1:10-cv-21458, 2010 WL 5069860 (S.D. Fla. Dec. 6, 2010)(dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)), *appeal dismissed*, No. 11-10755-H (11th Cir. Mar. 14, 2011); *Brennan v. United States of America*, No. 1:10-cv-20376 (S.D.Fla. April 16, 2010)(dismissal with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)); *Brennan v. Saviello*, No. 1:08-cv-1490 (N.D.Ga. May 16, 2008)(dismissed under 28 U.S.C. § 1915A for failure to state a claim).

*Id.* at 2. The court rejected Mr. Brennan's "attempt[] to skirt the 'three strikes' provision by claiming he is under imminent danger" because "the government of the United States employs 'technology to capture, review and distribute human thought.'" *Id.* The court quoted Brennan's allegations that this technology:

>   is now used by federal and state agencies and officers to illegally search and collect (seize) intimate and person information about [him] by force, and distribute [his] unauthorized private information to other federal agencies and officers as well as to federal prisoners. . . .

*Id.* The court found that these allegations were "utterly frivolous" and could "not establish that plaintiff qualifies for the imminent danger exception." *Id.* Thus, Mr. Brennan has been already designated a three-strikes litigant under Section 1915(g) by another federal district court.

This court has reviewed the dismissal in Case No. 13-23114 and finds that it qualifies as a strike under this court's and Tenth Circuit Court standards. In this 1983 action, Mr. Brennan claimed his right to privacy was violated. He alleged that defendants

Department of Justice, Bureau of Prisons, federal institutions, and various prison officials were, among other things, subjecting him to "technology" to seize his private thoughts and impersonating voices of persons he knows. The court found that plaintiff's allegations failed to state a claim "plausible on its face." *Id.* (Doc. 24) at 4 (S.D.Fla., Oct. 31, 2013).

The court has reviewed the dismissal in Case No. 10-20376 and finds that it qualifies as a strike. In this *Bivens* complaint Mr. Brennan sued the United States claiming that sanctions imposed against him, such as restrictions upon his freedom for twenty years and his ability to be employed to provide for his family, were without authority and unconstitutional. He sought an order compelling the United States to terminate all such sanctions and reserved the right to pursue damages. The court found plaintiff's allegations were "essentially a challenge to his federal conviction" that "is not a cognizable claim in a civil rights case" and that were also premature under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* (Doc. 32) at 2-3 (S.D.Fla. Apr. 16, 2010).

This court has reviewed the dismissal in Case No. 10-21458 and finds that it qualifies as a strike. In this *Bivens* action, Brennan sued the Warden, FCI Miami, and the United States Attorney General for damages claiming that he was illegally held in custody due to violations of his constitutional rights. The court found that the

complaint was not plausible on its face because it did not plead sufficient facts and was barred by *Heck* as well as the doctrines of res judicata and collateral estoppel. *Id.* (Doc. 88) at 3, 5 (S.D.Fla. Dec. 6, 2010).

The court concludes that Mr. Brennan, while incarcerated, has brought at least 3 or more prior actions that are strikes. Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* Mr. Brennan is therefore required to "pay up front for the privilege of filing . . . any additional civil actions" unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g); *Jennings v. Natrona County Detention Center*, 175 F.3d 775, 778 (10th Cir. 1999). Plaintiff alleges no facts in his motions to proceed in forma pauperis showing that he qualifies for the "imminent danger" exception. While plaintiff makes conclusory claims of threats and "immediate danger" in his complaint and subsequently-filed "sworn statements," the court has no difficulty finding that none of the facts alleged by plaintiff in these filings establish that he is in imminent danger of serious physical injury.

Accordingly, Mr. Brennan may proceed in this action only if he pays the filing fee of $400.00 for filing a civil complaint.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's applications for leave to proceed in forma pauperis (Doc. 2 & 3) are denied; he is granted twenty (20) days in which to submit the $400.00 filing fee; and failure to pay the full filing fee within that time will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

**DATED:** This 29th day of January, 2015, at Topeka, Kansas.

**s/RICHARD D. ROGERS**
**United States District Judge**
